In re DeFronzo.

[Cite as In re DeFronzo (1977), 49 Ohio St. 2d 271.]

(No. 76-747—Decided March 23, 1977.)

Messrs. Openlander, Callahan & Connelly, Mr. John Callahan, and Mr. John R. Johanssen, for appellee petitioner.

Mr. Anthony G. Pizza, prosecuting attorney, and Mr. Robert J. Gilmer, for appellant Sheriff of Lucas County.

Per Curiam. The judgment of the Court of Appeals is affirmed.

Appellee, a physician, was indicted by the Grand Jury for Lucas County for six alleged violations of R. C. 3719.-171, making false prescriptions, and one alleged violation of R. C. 2923.03, aiding and abetting another in the sale of a narcotic drug. Subsequent to his arrest, appellee was

arraigned in the Court of Common Pleas and bail was set at $85,000, with the 10 percent cash deposit condition of Crim. R. 46(C)(3) not being provided. Appellee posted the required $85,000 bond.

Appellee was again arrested on charges involving the making of false prescriptions. The grand jury returned two indictments charging him with 13 counts of making false prescriptions, one count of possession of a narcotic drug, one count of carrying a concealed weapon, and one count of prescribing a drug outside the scope of his professional practice. Upon arraignment in the Common Pleas Court, bail on those charges was set at $240,000, without the 10 percent condition being provided, making a total bail bond on all the charges in the Common Pleas Court of $325,000.

The Court of Appeals allowed the writ and did not reduce the amount of any of the bonds. In one case, No. CR 76-5785, it affirmed the $85,000 bond without the ten percent condition, and in the other two cases, Nos. CR 76-6076 and CR 76-6077, after confirming the $240,000 in bonds, the court modified them by allowing a 10 percent cash posting. The court then established certain conditions as part of the bonds, viz: (1) that all real estate owned by petitioner and/or his wife be pledged to secure performance of the bonds; (2) that petitioner not prescribe any narcotic drugs, and (3) that petitioner report personally to the sheriff once a week.

The judgment entry of the Court of Appeals gave no specific reason for permitting the deposit of 10 percent of the $240,000 in bonds in cash, or for imposing the other conditions. The order, however, was proper under the provisions of Crim. R. 46, which establishes the standards for release on bail. The entry states only that "the petitioner's prayer is well taken to the extent hereinafter ordered."

The single question which the appellant presents to this court is whether the Court of Appeals, in a hearing in an original action for a writ of habeas corpus challenging

the bail set by the trial court, can modify the bail bond without specifically finding that the bail is excessive and that the trial court abused its discretion in setting the bail.

It is well established that habeas corpus is the proper remedy to raise the claim of excessive bail. *State* v. *Bevacqua* (1946), 147 Ohio St. 20, 67 N. E. 2d 786. See, also, *Bland* v. *Holden* (1970), 21 Ohio St. 2d 238, 257 N. E. 2d 397; *Davenport* v. *Tehan* (1970), 24 Ohio St. 2d 91, 264 N. E. 2d 642.

Appellant's appeal seems extremely technical since his only argument is that the Court of Appeals did not specifically find an abuse of discretion by the trial court. It is clear from the judgment that the Court of Appeals did, in fact, find that the bail was excessive and that the trial court abused its discretion even if the Court of Appeals did not so state in the actual words it used in its entry. There is no statute or rule which requires that a Court of Appeals, on its own motion, state conclusions of fact or law where it is hearing a cause as an original action. There is, therefore, no real basis for the argument that the Court of Appeals must use any particular language or issue any particular conclusions of fact or law in its entry, except upon application by a party or in the case of appeals of judgments and final orders. See R. C. 2505.30 and App. R. 12.

The failure of the Court of Appeals, in deciding an original action, to set out its reasons for its decision, or, in this cause, to state its disagreement with the trial court, is not a basis for this court's reversal of the judgment. There is an anomaly in original actions which are filed seeking habeas corpus on the grounds of excessive bail because the effect of such cases is an appeal from a decision of the trial court; yet, such cases are also considered as original actions so as to permit hearings and findings of fact. When these cases are considered as appeals, it is reasonable to require some finding of error or abuse of discretion before allowing the writ to issue overturning or modifying the decision of the trial court. When they are considered

as original actions, it is just as reasonable to allow the Court of Appeals to make an independent decision based upon the hearing before it and to exercise its own discretion under Crim. R. 46 in the same manner as would the trial judge.

In this cause, the Court of Appeals held a hearing *de novo* with regard to the bail set for appellee. It made no reduction in the bonds, and the modifications, by the way of permitting a 10 percent cash deposit on the $240,000 in bonds and establishing certain conditions to be met by the appellee, are sufficiently clear so that this court will not reverse the judgment of the Court of Appeals on the grounds that that court did not use a particular form of words and did not state its reasons in ruling upon the petition for a writ of habeas corpus.

There is nothing in the record in this cause, or in the bond modifications which the Court of Appeals imposed in its journal entry, which constitutes an abuse of discretion by that court in the allowance of the writ of habeas corpus.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, DAY, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., dissents.

DAY, J., of the Eighth Appellate District, sitting for W. BROWN, J.

DAY, J., concurring. I concur in the opinion and judgment of the court. However, I add a caveat. Abuse of discretion by the trial court is never an issue in an original action brought in the Court of Appeals to challenge the legality of a bond set by the trial judge in a criminal case. This was not an appeal. The Court of Appeals was trying the issue *de novo*. It had to exercise its own pristine judg-

ment with respect to the requisite bond. Any contrary implication read into the court's opinion is misplaced.

HERBERT, J., concurs in the foregoing concurring opinion.

CELEBREZZE, J., dissenting. Because I am unable to agree with the majority that a bond specified by a judge may be modified through an original action in habeas corpus without a finding of excessiveness or abuse of discretion, I respectfully dissent. Petitioner DeFronzo complained of $240,000 in bail bonds being set on 16 counts in two indictments, nearly all for felony drug law violations. It should be pointed out that he was at liberty on an $85,000 bond for seven counts of felony drug law violations in an indictment returned less than a month before. Worthy of note, was a pending misdemeanor complaint which included, among other charges, carrying a concealed weapon. He was free on a $75,000 bond (ten percent condition) on those charges. His "Pre-Trial Release Program Recommendation Sheet" showed that he had a prior conviction record. (In July of 1975, he plead guilty in the Toledo Municipal Court to three misdemeanor counts of making false statements in medical reports.) Coupled with this unusual high activity in alleged drug law violations in the span of less than one year, and while under the first felony indictment, DeFronzo and his wife traveled to Europe where they "conducted business transactions in banks in Germany and Italy."

Concededly, the fundamental purpose of bail is to insure the appearance of the defendant at all stages of a criminal proceeding. Crim. R. 46(A). It follows that the amount of bail to secure the presence of the accused is primarily a matter of judgment. In the absence of a finding of abuse in the exercise of that judgment, it should not become the subject of speculation.

If convicted of all the offenses against him the defendant could spend several centuries behind bars, not to mention the prospective fines. His travels to banking establish-

ments in two foreign countries most certainly are to be considered by a judge under the circumstances here.

This court denied a writ of habeas corpus in the case of *Bland* v. *Holden* (1970), 21 Ohio St. 2d 238, which alleged excessive bail, stating as follows:

"* * * if an accused is charged with crimes the conviction for which would result in long incarceration, with little hope of early release or probation, the incentive to abscond is greater and the amount must be such as to discourage the accused from absconding."

Although the majority characterize the instant appeal as "extremely technical," since the Court of Appeals did not specifically find an abuse of discretion, I am unable to join in their conclusion that the lower court did, in fact, find the bail so excessive as to amount to an unannounced abuse of discretion. The Court of Appeals did not reduce the bond, but only applied the ten percent cash condition previously excluded.

The majority also cite the case of *Davenport* v. *Tehan* (1970), 24 Ohio St. 2d 91, in which this court denied a similar writ. The closing sentence of that opinion states:

"There are no facts alleged in the instant case which indicate in any way that the bail is excessive, or that the trial judge has abused his discretion."

In the absence of such a finding the bail should stand.