OPINION
Petition for Writ of Habeas Corpus was filed on September 10, 2001, asserting continued detention on an unreasonably high bond.
The undisputed facts are as follows. On April 1, 1999, Petitioner was charged with one count of domestic violence, a first degree misdemeanor. He was released after posting $1,000.00 bond and on the further condition he have no contact with the alleged victim. Several pretrials were conducted and at one such pretrial appointed counsel was granted permission to withdraw. Petitioner advised that he would retain counsel. The matter was continued again to afford Petitioner an opportunity to retain counsel and prepare for a jury trial that he had requested. Petitioner thereafter failed to appear for his scheduled final pretrial or the trial scheduled on the following day. A capias was issued for his arrest. Petitioner asserts that summons sent to him were not received, as he resided at neither address used by the court. He also avers that he was not notified of the final pretrial by counsel.
Petitioner then left the state and filed various grievances against the trial court, the prosecutor and his counsel. Mailings regarding this matter indicate that Petitioner moved from Pennsylvania to West Virginia. He then returned to Ohio and again appeared in court. Bond was increased to $5,000.00, with electronically monitored house arrest. It is undisputed that Petitioner independently removed the monitoring bracelet from one ankle and placed it on his other ankle, supposedly due to a medical condition. At a status hearing on August 24, 2001, the trial court found probable cause for contempt for the infraction. Bond was revoked, as the monitoring officer additionally reported that Petitioner had expressed that his work was more important than a scheduled check-in. The monitoring agency recommended a negative termination from the house arrest program. Bond was thereafter set at $25,000.00, cash or surety. This complaint followed. On September 17, 2001, in response to an order from this court, the Respondent filed an answer arguing that the trial court did not abuse its discretion in setting bond.
 ANALYSIS
The constitutional right to nonexcessive bail in bailable offenses is protected by an action for a writ of habeas corpus in a court of contempt jurisdiction. Petition of Gentry (1982), 7 Ohio App.3d 143. State exrel. Baker v. Troutman (1990), 50 Ohio St.3d 270.
In finding that a $250,000.00 cash bond on a single count of drug trafficking under R.C. 2925.03(A)(7) was not excessive, the Ohio Supreme court stated in Jenkins v. Billy (1989), 43 Ohio St.3d 84:
 "The purpose of bail is to secure the attendance of the accused at trial. See Crim.R. 46(A). Crim.R. 46(F) specifies what conditions a court must consider in setting bail. These include family and community ties and past criminal record, but also include other matters. Crim.R. 46(C)(4) permits a court to impose a cash bond. Moreover, `[t]he amount of bail is largely within the sound discretion of the court.' Bland v. Holden (1970), 21 Ohio St.2d 238, 239, 50 O.O.2d 477, 257 N.E.2d 397, 398.
"Here, petitioner alleges no facts that indicate an abuse of discretion by the trial court or that appropriate grounds for independent review by this court exist. In re DeFronzo (1977), 49 Ohio St.2d 271, 3 O.O.3d 408, 361 N.E.2d 448. R.C. 2725.06 provides that `[w]hen a petition for a writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant it forthwith.' We find nothing alleged in the petition that makes it appear that the writ ought to issue. Accordingly, we decline to issue the writ."
Given the uncontroverted facts gleaned from the petition and the response, we cannot say that the trial court abused its discretion in setting a cash or surety bond in the amount of $25,000.00. Petitioner was keenly aware that he faced trial for a first degree misdemeanor, yet he fled to different states and avoided prosecution. It is also asserted by the state that petitioner violated the original condition of bond by continuing to annoy and harass the victim after posting bond. Even if we were to accept petitioner's statement that he was not informed of the final pretrial, that does not justify his absconding from the state for nearly two years to avoid prosecution, nor justify his removal of the monitoring bracelet from one ankle and refusal to check-in as required. If petitioner had a medical condition he could certainly have advised the monitor of such fact at the time the bracelet was placed on his ankle. Actions by the Petitioner resulted in a recommendation that he be negatively removed from the electronically monitored house arrest program. He cannot now be heard to complain that the trial court took reasonable precautions to assure that he appear to answer the charges levied against him. He had been given ample opportunity to appear and have the original charge fully resolved.
As stated in headnote 4 to In re Mason (1996), 116 Ohio App.3d 451:
 "Where accused is free on bail and trial court determines that accused has violated conditions of bail, whether conditions be express or implied, accused is subject to court's sanctioning authority for violation of conditions, including revocation of bail."
In this case the trial court modified the terms of bail. It was not revoked.
The action taken by the trial court was not arbitrary, unreasonable or unconscionable, but rather an action taken in furtherance of the state's compelling interest in maintaining the proper functioning of the judiciary.
Moreover, Petitioner has failed to list in his complaint the Crim.R. 46 factors which demonstrate that bail should be granted. Rather, the history of this case, including flight and noncompliance with conditions of previous bond, militate against a modification of the present bail. No abuse of discretion is proven. Petition for writ of habeas corpus is denied. Costs of this proceeding taxed against Petitioner.
Final judgment. Copy to counsel of record and Sheriff Randall Wellington.
DONOFRIO, J., VUKOVICH, J. and WAITE, J., concurs.