AHMAD, APPELLANT, *v.* PLUMMER, SHERIFF, APPELLEE.

[Cite as *Ahmad v. Plummer*, 126 Ohio St.3d 262, 2010-Ohio-3757.]

*Habeas corpus — Claim of excessive bail — Court of appeals' denial of writ affirmed.*

(No. 2010-0448 — Submitted August 10, 2010 — Decided August 18, 2010.)

APPEAL from the Court of Appeals for Montgomery County, No. 23775.

_____

**Per Curiam.**

{¶ 1} Shafik Ahmad appeals from the judgment of the court of appeals denying his petition for a writ of habeas corpus challenging the $3,000,000 pretrial-release bail set by the court of common pleas. For the following reasons, we affirm.

{¶ 2} Ahmad argues that the court of appeals erred in denying the writ because it "appears as though the court of appeals agreed the bond was excessive, but felt bound by the trial court's order because they could not find an abuse of discretion." We have previously recognized the "anomaly in original actions which are filed seeking habeas corpus on the grounds of excessive bail because the effect of such cases is an appeal from a decision of the trial court; yet, such cases are also considered as original actions so as to permit hearings and findings of fact." *In re DeFronzo* (1977), 49 Ohio St.2d 271, 273, 3 O.O.3d 408, 361 N.E.2d 448. The court of appeals acknowledged the hybrid qualities of the proceeding by conducting a de novo hearing while also considering the evidence submitted to the court of common pleas:

{¶ 3} "Upon review of the pleadings and hearing in the present matter, including the evidence presented at said hearing, this Court finds that Ahmad has failed to demonstrate that the $3,000,000 cash/surety bond imposed by the

common pleas court is excessive. Although this Court may have set bail at a lower amount, we cannot conclude that the trial court abused its discretion in setting bail in the amount of $3,000,000 cash/surety."

{¶ 4} The court did not err in its holding. Although the court of appeals opined that it may have set a lower amount for the bail, the court also specifically held that based on its de novo review of the habeas corpus claim, Ahmad failed to demonstrate that the pretrial bail is excessive. See *Chari v. Vore* (2001), 91 Ohio St.3d 323, 326, 744 N.E.2d 763 ("the burden of proof in a case alleging excessive bail is, as in other habeas corpus cases, on the petitioner").

{¶ 5} Nor did the court of appeals abuse its discretion. Under Crim.R. 46(C), "[i]n determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including but not limited to:

{¶ 6} "(1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon;

{¶ 7} "(2) The weight of the evidence against the defendant;

{¶ 8} "(3) The confirmation of the defendant's identity;

{¶ 9} "(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution.

{¶ 10} "(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, bail, or under a court protection order."

{¶ 11} The prosecuting attorney had recommended a $10,000,000 bond and, in his recommendation, had summarized certain facts, including the serious nature and circumstances of the charge of conspiracy to commit murder that Ahmad faces, the substantial evidence against him, and the manifest confirmation of his identity as the perpetrator of the crime charged:

**{¶ 12}** "Defendant personally sought to hire a hit-man to kill his ex-wife; evidence of his criminal involvement includes, but is not limited to, arranging and attending multiple meetings to hire a hit-man to kill his ex-wife, obtaining money to pay a hit-man to kill his ex-wife, disbursing money as a down payment to a hit-man to kill his ex-wife, providing photographs and directions to assist the hit-man in locating his ex-wife for the purpose of killing her.

**{¶ 13}** "Defendant is recorded on multiple audio recordings making arrangements to hire a hit-man to kill his ex-wife."

**{¶ 14}** Other evidence, both testimonial and documentary, submitted in the proceedings below confirmed the prosecutor's summary.

**{¶ 15}** The prosecutor also indicated that because of "[Ahmad's] employment as a physician, [he] has access to large sums of money; furthermore, [his] family members are also physicians." Ahmad's current wife requested in a letter to the common pleas court judge that the $3,000,000 bond not be lowered because that amount was "not enough for his family's circumstances" and his brother had the money to bail him out. Ahmad never credibly rebutted the contention that he could afford to pay the bond.

**{¶ 16}** Moreover, Ahmad is under two domestic-violence protection orders – one issued on behalf of his ex-wife and one issued on behalf of his current wife. Ahmad's current wife further stated that she feared that if the amount of bail were reduced, Ahmad would – as he had previously threatened – kill her and her youngest son.

**{¶ 17}** Under these circumstances, the court of appeals did not abuse its discretion in determining that the $3,000,000 bail was not excessive. Ahmad is charged with a serious crime and faces a potentially lengthy sentence if convicted based on the substantial evidence against him. Thus, " 'the incentive to abscond is greater and the amount must be such as to discourage the accused from absconding.' " *State v. Nields* (2001), 93 Ohio St.3d 6, 18, 752 N.E.2d 859,

quoting *Bland v. Holden* (1970), 21 Ohio St.2d 238, 239, 50 O.O.2d 477, 257 N.E.2d 397.

{¶ 18} Therefore, we affirm the judgment denying the writ of habeas corpus.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Rion, Rion & Rion, L.P.A., Inc., and John H. Rion, for appellant.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.

_____