**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mohamed v. Eckelberry*, **Slip Opinion No. 2020-Ohio-4585.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4585

MOHAMED *v*. ECKELBERRY, SHERIFF.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mohamed v. Eckelberry*, Slip Opinion No. 2020-Ohio-4585.]**

*Habeas corpus—In an original action, an appellate court may permit a habeas petitioner to introduce evidence to prove his excessive-bail claim and then exercise its own discretion in imposing an appropriate bail amount—Writ granted.*

(No. 2020-0638—Submitted September 22, 2020—Decided September 25, 2020.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Petitioner, Hassan Mohamed, filed a petition for a writ of habeas corpus challenging the amount of his pretrial bond. He is in jail awaiting trial in the Seneca County Court of Common Pleas on multiple charges of attempted murder and felonious assault. We allowed the writ and ordered respondent, Seneca County Sheriff William Eckelberry, to file a return. 159 Ohio St.3d 1432, 2020-

Ohio-3634, 148 N.E.3d 573. After the sheriff filed his return, we referred the matter to a master commissioner to conduct a hearing to determine whether Mohamed is being held unlawfully due to an excessive bond and to make a recommendation regarding an appropriate bond. 159 Ohio St.3d 1474, 2020-Ohio-4080, 150 N.E.3d 956.

{¶ 2} After a hearing, the master commissioner concluded that the $1,000,000 cash or surety bond on which Mohamed is being held is excessive and recommended modifying the financial conditions of Mohamed's bail to $200,000, secured by the deposit of 10 percent of the amount of the bail bond in cash, a surety bond, or property as allowed by law. The master commissioner recommended that the nonfinancial conditions of release imposed by the common pleas court remain in place.

{¶ 3} Mohamed did not file a response to the master commissioner's recommendation. The sheriff, however, filed a response challenging the master commissioner's conclusion that this court may independently review Mohamed's bond without first holding that the common pleas court abused its discretion. The sheriff also argued that a $1,000,000 bail bond is justified based on the seriousness of the crimes Mohamed is charged with, Mohamed's lack of ties to Seneca County, and the evidence of Mohamed's guilt. We address the sheriff's arguments below.

**The standard of review**

{¶ 4} Relying on *In re DeFronzo*, 49 Ohio St.2d 271, 273-274, 361 N.E.2d 448 (1977), the master commissioner concluded that in an original action for a writ of habeas corpus, an appellate court may receive evidence and exercise its own discretion concerning a petitioner's bail, without according deference to the trial court's determination. The sheriff does not dispute *DeFronzo*'s holding but argues that more recently, this court endorsed an abuse-of-discretion review in *Ahmad v. Plummer*, 126 Ohio St.3d 262, 2010-Ohio-3757, 933 N.E.2d 256. The sheriff notes

that in *Ahmad*, this court affirmed a court of appeals' determination that a trial court had not abused its discretion in setting bail. *Id*. at ¶ 3-4.

{¶ 5} To be sure, in *Ahmad*, we did not expressly repudiate the court of appeals' statement about not finding an abuse of discretion. But contrary to the sheriff's argument, we did not abandon the rule articulated in *DeFronzo*. In fact, in *Ahmad*, we focused on the court of appeals' "de novo review of the habeas corpus claim" and its determination that "Ahmad failed to demonstrate that the pretrial bail is excessive." *Id*. at ¶ 4. *Ahmad*, therefore, confirms that in an original action, an appellate court may permit a habeas petitioner to introduce evidence to prove his claim and then exercise its own discretion in imposing an appropriate bail amount.

### The seriousness of the crimes

{¶ 6} The sheriff next argues that Mohamed's $1,000,000 bail bond is not excessive—and a $200,000 bail bond is inadequate—in view of the fact that Mohamed is charged with two counts of attempted murder and two counts of felonious assault, all with firearm specifications. In support, the sheriff again points to *Ahmad*, in which a $3,000,000 bail bond on a charge of conspiracy to commit murder was found not to be excessive. The sheriff thus invites us to compare the seriousness of the charge in Ahmad's case to the seriousness of the charges in Mohamed's case.

{¶ 7} The nature and circumstances of the crime charged are relevant to any bail determination. Crim.R. 46(C)(1). But under Crim.R. 46(C), a court also must consider many other factors that are specific to the accused, such as the weight of the evidence against the defendant and the defendant's financial resources. Crim.R. 46(C)(2) and (4). Those factors are not nearly as strong here as they were in Ahmad's case. As explained in the master commissioner's recommendation, while Mohamed presented alibi evidence, not only was there "substantial evidence against" Ahmad, but he apparently had no plausible defense. *Ahmad*, 126 Ohio St.3d 262, 2010-Ohio-3757, 933 N.E.2d 256, at ¶ 11, 17. And the evidence showed

that Ahmad and his family had significant resources—likely enough to be able to afford a $3,000,000 bond. *Id.* at ¶ 15. In contrast, Mohamed presented evidence showing that he is in a very different financial situation and cannot afford a $1,000,000 bond.

{¶ 8} Thus, contrary to what the sheriff argues, our holding in *Ahmad* does not validate the bond imposed by the court of common pleas in Mohamed's case.

### The lack of ties to Seneca County

{¶ 9} The sheriff also argues that the master commissioner inappropriately gave weight to Mohamed's family ties in Ohio because those ties are not local to Seneca County. The sheriff refers to Crim.R. 46(C)(4), which directs the court to consider the defendant's "length of residence in the community."

{¶ 10} Contrary to what the sheriff suggests, the master commissioner did not give weight to any ties between Mohamed and the local community. In fact, the master commissioner noted that Mohamed does not have any connections in Seneca County. We may, however, consider Mohamed's family ties in Ohio and the fact that he would have a place to live in Columbus as "relevant information" under Crim.R. 46(C).

{¶ 11} The sheriff also argues that a $1,000,000 bond is justified because if Mohamed lives in Columbus while awaiting trial, it will be harder for the common pleas court to monitor him. We reject this argument because it does not relate to the financial conditions of Mohamed's pretrial release and therefore is not relevant to whether Mohamed's bail is excessive.

### The strength of the state's case

{¶ 12} In his final argument, the sheriff reiterates the evidence against Mohamed in an attempt to show that the state has, in fact, indicted the right person. The sheriff argues that the state's evidence is "far superior" to and "much more reliable" than Mohamed's alibi evidence.

{¶ 13} The master commissioner acknowledged the evidence of Mohamed's guilt, while also recommending that we should give substantial weight to the fact that Mohamed has a plausible alibi defense. The master commissioner concluded that based on the evidence presented by both parties, it is an open question whether Mohamed is the perpetrator. That conclusion recognizes our limited role in this case when it comes to Mohamed's guilt or innocence: It is appropriate for us to consider the weight of the evidence against Mohamed, Crim.R. 46(C)(2); but we are not the finders of fact concerning his guilt. A jury must ultimately determine whether the state's evidence proves beyond a reasonable doubt that Mohamed is guilty.

{¶ 14} We reject the sheriff's final argument because it asks us not to just recognize that there are factual disputes related to Mohamed's guilt, but to actually resolve them.

### Conclusion

{¶ 15} Having reviewed the master commissioner's recommendation, completed an independent review of the record, and considered the sheriff's arguments, we hold that the master commissioner has properly stated the facts and applied the law. We therefore adopt the master commissioner's recommendation but with the following additional nonfinancial conditions: Mohamed shall be monitored electronically, he shall surrender his passport if he owns one, he will reside with his father in Columbus and nowhere else, he may travel for necessities and for reasons related to the care of his father, and he may not leave the state of Ohio. Mohamed's petition for writ of habeas corpus is granted and his bail bond is reduced to $200,000, secured by the deposit of 10 percent of the amount of the bond in cash, a surety bond, or property as allowed by law. The other nonfinancial conditions of release imposed by the court of common pleas shall remain in place.

Writ granted.

O'CONNOR, C.J., and FRENCH, FISCHER, and DONNELLY, JJ., concur.

STEWART, J., concurs, with an opinion joined by O'CONNOR, C.J.

KENNEDY, J., dissents, with an opinion joined by DEWINE, J.

_____

**STEWART, J., concurring.**

{¶ 16} I join the per curiam opinion in full to ensure that petitioner Hassan Mohamed's bail is reduced to an amount that gives him a chance to be released from jail during the pretrial period. Nevertheless, I remain concerned that the financial condition of release is still unconstitutionally high and I am skeptical about the use of electronic monitoring.

**Relevant Law Concerning Bail**

{¶ 17} As noted in the master commissioner's report and recommendation:

"Bail is security for the appearance of an accused to appear and answer to a specific criminal * * * charge." R.C. 2937.22(A). That bail is generally available to allow an accused person to be released before trial is fundamental to the American system of justice. Pretrial release not only makes it easier for an accused person to prepare a defense, it also upholds the presumption of innocence by ensuring that a person is not punished before being convicted. *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Although a court may impose bail conditions to protect an individual or the public, the primary function of bail is to allow for pretrial release, while also assuring that the accused person will appear in court when required. *Id.* at 4-5; *United States v. Salerno*, 481 U.S. 739, 752-754, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Bland [v. Holden]*, 21 Ohio St.2d [238,] 239, 257 N.E.2d 397 [(1970]).

Not every accused person has the right to bail. *Carlson v. Landon*, 342 U.S. 524, 545-546, 72 S.Ct. 525, 96 L.Ed. 547 (1952). But in Ohio, most criminal defendants are presumed to be bailable. Article 1, Section 9 of the Ohio Constitution. To deny bail to Mohamed, who is charged with noncapital first- and second-degree felonies, the common pleas court would need to hold a hearing at which the state would need to prove by clear and convincing evidence that (1) "the proof is evident or the presumption great" that Mohamed committed the offenses, (2) Mohamed "poses a substantial risk of serious physical harm to any person or to the community," and (3) no conditions of release can reasonably alleviate that risk. R.C. 2937.222. *See also* Crim.R. 46(A). Nothing in this court's record in this case suggests that the state believes Mohamed poses a substantial public-safety risk or that the common pleas court held a hearing under R.C. 2937.222. Indeed, the fact that the common pleas court set bail at all shows that Mohamed is bailable.

When a criminal defendant is bailable, a court must release him "on the least restrictive conditions" that "will reasonably assure" his appearance in court, public safety, and the integrity of the criminal-justice process. Crim.R. 46(B). Pretrial release may involve several conditions, both financial and nonfinancial. Financial conditions of release must be "related to the defendant's risk of non-appearance, the seriousness of the offense, and the previous criminal record of the defendant. Any financial conditions shall be in an amount and type which are least costly to the defendant while also sufficient to reasonably assure the defendant's future appearance in court." *Id.* The Eighth Amendment to the United

States Constitution and Article 1, Section 9 of the Ohio Constitution prohibit "[e]xcessive bail." A bail bond that is "higher than an amount reasonably calculated to" assure the accused's presence in court is "excessive." *Stack*, 342 U.S. at 5, 72 S.Ct. 1, 96 L.Ed. 3. Mohamed thus is entitled to bail in an amount that is attainable yet high enough to compel him to appear in court when required.

(Ellipsis and fourth set of brackets sic.)

### Release on Least Restrictive Conditions

{¶ 18} By adopting the master commissioner's legal analysis, a majority of this court necessarily agrees that Mohamed has the constitutional right to pretrial release in this case. It also agrees that it must impose only the least restrictive financial and nonfinancial conditions necessary to assure that Mohamed returns to court. But that is not really what this court is doing today when it imposes a $200,000 financial condition with the additional requirement that Mohamed submit to electronic monitoring.

{¶ 19} The record simply does not support the imposition of a bail-bond amount of $200,000, secured by the deposit of 10 percent of the bail amount in cash, a surety bond, or property as allowed by law when the evidence shows that Mohamed has been out of work for over a year because he has been sitting in jail on an excessive bond. Furthermore, testimony given on behalf of Mohamed's family shows that the family can afford to post only $5,000. Again, as the majority opinion acknowledges by reference to the master commissioner's report, the purpose of bail is to allow release, not guarantee detention. I question the reason for imposing a financial condition of release that appears to be unattainable for Mohamed with the possible end result being that he ends up where he started—in jail because of a bail bond he cannot afford.

8

{¶ 20} When a court is considering the imposition of a financial condition—which of course, is supposed to both allow for release while also inducing reappearance—it is imperative that the court account for what the accused can actually afford to pay. It should go without saying that a wealthy person may need a higher financial condition to induce appearance, whereas a person with significantly fewer financial resources would require less. In other words, the inducement inherent in financial conditions works only in situations in which (1) the accused is able to post the bond and be released and (2) the threat of losing the posted bond makes it worthwhile to return to court.

{¶ 21} Furthermore, I find electronic monitoring, one of Mohamed's nonfinancial conditions of release to be excessive in this case. The record before this court shows that Mohamed is a former nursing student with no criminal record. Also, respondent, Seneca County Sheriff William Eckelberry, has submitted no evidence that should lead us to think that Mohamed will fail to appear if he is released. Although the charges against Mohamed are serious and carry the possibility of significant prison time if he is convicted, that fact alone is not enough to presume that he is a flight risk and that he therefore must be electronically monitored.

{¶ 22} Additionally, electronic monitoring comes with its own costs. Electronic monitoring may require the accused to pay an upfront installation fee in addition to monthly monitoring fees, and there is undoubtedly a social stigma that attaches when a person is seen wearing an electronic-monitoring device. Given the already significant financial condition that this court has imposed, which is sufficient to induce Mohamed's return to court assuming that his family has the ability to post the bail-bond amount, I do not believe that electronic monitoring serves any necessary purpose here.

{¶ 23} I realize that given Mohamed's relative success at securing a significant reduction in bail through a habeas proceeding in Ohio's highest court,

the concerns I raise in this concurrence may seem inordinate. But this is precisely why I am compelled to write separately. When a trial court is presented with information or evidence that a person accused of one or more felony offenses is a flight risk or poses a threat to public safety and should not be released from jail during the pretrial period, the court can hold a pretrial-detention hearing pursuant to R.C. 2937.222(A). This process allows the trial court to detain a person, without bail, during the pretrial period when clear and convincing evidence establishes that the accused should not be released. R.C. 2937.222(A) and (B). If the trial court does deny bail, the accused's due-process rights are further protected in that he has the right to an immediate and expedited appeal of that decision. R.C. 2937.222(D). Unfortunately, what often happens is that a trial court will set a bail amount, without regard to an accused's ability to pay, and in an amount high enough that the accused's pretrial detention is effectively guaranteed. By doing this, the trial court bypasses the due-process protections afforded to the accused in R.C. 2937.222. In this case, the presumedly innocent Mohamed has been in jail for over a year on a $1,000,000 bond.

{¶ 24} I do not mean to suggest that determining a bail amount that satisfies all the requirements of Crim.R. 46 is an easy decision to make. It is not. However, setting a high bail in order to keep someone accused of a crime incarcerated pretrial is both statutorily and constitutionally unlawful. *See* R.C. 2937.222; *State v. Bevacqua*, 147 Ohio St. 20, 22, 67 N.E.2d 786 (1946) ("Keeping an accused in jail by excessive bail is as much a denial of his constitutional rights as refusing to fix bail"); *Stack*, 342 U.S. at 4, 72 S.Ct. 1, 96 L.Ed. 3. Additionally, the practice of inflating a bail-bond amount is terribly harmful to our system of justice, resulting in bloated jail populations, economic harm, and trauma to individuals, families, and communities. The Vera Institute, *Justice Denied: The Harmful and Lasting Effects of Pretrial Detention*, https://www.vera.org/downloads/publications/Justice-Denied-Evidence-Brief.pdf (accessed Sept. 24, 2020) [https://perma.cc/X2WJ-

K5G6]. Boiled down to its essence, setting high bail amounts accomplishes with money what courts could not otherwise achieve without following the due-process requirements in R.C. 2937.222. This practice turns the purpose of bail—which is to allow an accused to be released pretrial—on its head.

{¶ 25} This case presented us with a golden opportunity to set a clear example of what bail determinations should look like by demonstrating what it means to impose the least restrictive conditions necessary to accomplish release while assuring an accused's return to court. We have squandered that opportunity: maybe because we have succumbed to the same fears that motivate trial courts to impose excessive bonds in the first place or maybe because this unconstitutional practice has gone on for so long that it has simply become a comfortable routine. Regardless of the reason, it is incumbent on the judicial system to get it right and to impose bail in a constitutional manner. *Stack* at 4 (bail is excessive under the Eighth Amendment of the United States Constitution if it is set at an amount higher than reasonably necessary to assure the accused's presence in court).

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

**KENNEDY, J., dissenting.**

{¶ 26} Because petitioner, Hassan Mohamed, has failed in his burden to demonstrate that he is being unlawfully confined based on excessive bail imposed by the trial court in his criminal case, I dissent. Our review in this case is hybrid. This is an original action for a writ of habeas corpus, so we review de novo the evidence presented in the trial court and any new evidence submitted to this court. However, the determination of the amount of bail is committed solely to the trial court's discretion, and the accused is not unlawfully confined (and therefore not entitled to habeas relief) when the order setting bail is not an abuse of that discretion. Mohamed has the burden of going forward with evidence and proving that the trial court's decision was unreasonable, arbitrary, or unconscionable or

otherwise exhibited perversity of will, passion, prejudice, partiality, or moral delinquency. As Mohamed does not prove that the amount of bail set by the trial court resulted from an abuse of discretion, the order setting bail is valid, he is lawfully confined, and he is not entitled to a writ of habeas corpus ordering a reduction of bail.

{¶ 27} The new precedent set today is troubling. In this watershed case, this court has announced that it will exercise its original jurisdiction in habeas corpus to review de novo the trial court's determination of the amount of bail and, in the exercise of its sole, unreviewable discretion, substitute its judgment for that of the trial court. This new right would now be open to all criminal defendants in this state who are dissatisfied with the amount of bail that has been imposed by a trial court. The discretion to set bail, however, is committed to the trial court by Article I, Section 9 of the Ohio Constitution and Crim.R. 46. The majority's decision today is nothing more than the usurpation of the trial court's power to set bail in the disguise of the extraordinary remedy, a writ of habeas corpus.

### Mohamed's Petition Is Fatally Defective

{¶ 28} As an initial matter, Mohamed's petition is subject to dismissal because it is unverified. S.Ct.Prac.R. 12.01(B) requires that all habeas petitions be brought pursuant to R.C. Chapter 2725, and pursuant to R.C. 2725.04, all petitions must be verified by the petitioner or his or her representative. Either Mohamed or his attorney was required to swear to the truth of the facts contained in the petition. *See Davis v. Sheldon*, 159 Ohio St.3d 147, 2020-Ohio-436, 149 N.E.3d 467, ¶ 8, citing *Chari v. Vore*, 91 Ohio St.3d 323, 327-328, 744 N.E.2d 763 (2001). Neither did so. Therefore, the unverified petition is "fatally defective and is subject to dismissal." *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 37. But because the majority ordered a return of the writ and decides this case on the merits, I likewise address the merits of the petition.

**The Right to Bail**

{¶ 29} The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required." Bail is excessive when it is higher than is reasonably necessary calculated to serve the government's interest in ensuring the accused's appearance at trial. *See United States v. Salerno*, 481 U.S. 739, 753-755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3 (1951). "[T]he fixing of bail 'is peculiarly a matter of discretion with the trial court.' " *United States v. Mitchell*, 733 F.2d 327, 331 (4th Cir.1984), quoting *United States v. Wright*, 483 F.2d 1068, 1069 (4th Cir.1973); *see also Carlson v. Landon*, 342 U.S. 524, 544-545, 72 S.Ct. 525, 96 L.Ed. 547 (1952) (attorney general did not abuse his discretion in setting bail).

{¶ 30} Similarly, the Ohio Constitution provides a right to bail. Article I, Section 9 states:

> All persons shall be bailable by sufficient sureties, except for a person who is charged with a capital offense where the proof is evident or the presumption great, and except for a person who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community. Where a person is charged with any offense for which the person may be incarcerated, the court may determine at any time the type, amount, and conditions of bail. Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted.
>
> The General Assembly shall fix by law standards to determine whether a person who is charged with a felony where the proof is evident or the presumption great poses a substantial risk of

serious physical harm to any person or to the community. Procedures for establishing the amount and conditions of bail shall be established pursuant to Article IV, Section 5(b) of the Constitution of the state of Ohio.

**{¶ 31}** The General Assembly enacted R.C. 2937.222, which lays out the considerations for a trial court in determining whether to deny bail to an accused. Those considerations are not at issue here, however, because the trial court has already determined that Mohamed is bailable.

### The Amount of Bail Is Committed to a Trial Court's Discretion

**{¶ 32}** In accordance with Article I, Section 9 of the Ohio Constitution, this court promulgated Crim.R. 46 to establish the procedures for establishing the amount and conditions of bail. Crim.R. 46(B) provides that if a trial court determines that denying bail is not required by statute,

the court shall release the defendant on the least restrictive conditions that, in the discretion of the court, will reasonably assure the defendant's appearance in court, the protection or safety of any person or the community, and that the defendant will not obstruct the criminal justice process. If the court orders financial conditions of release, those financial conditions shall be related to the defendant's risk of non-appearance, the seriousness of the offense, and the previous criminal record of the defendant. Any financial conditions shall be in an amount and type which are least costly to the defendant while also sufficient to reasonably assure the defendant's future appearance in court.

*Compare* R.C. 2937.23(A)(3) ("In all cases, the bail shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of the defendant appearing at the trial of the case").

{¶ 33} Crim.R. 46(B) expressly commits the amount of bail required to the discretion of a trial court. Therefore, review of the trial court's determination of the amount of bail is for the abuse of discretion. *Jenkins v. Billy*, 43 Ohio St.3d 84, 85, 538 N.E.2d 1045 (1989); *Bland v. Holden*, 21 Ohio St.2d 238, 239, 257 N.E.2d 397 (1970) ("The amount of bail is largely within the sound discretion of the court").

{¶ 34} This accords with the decisions of other courts of last resort that the amount of bail is a discretionary determination. *See, e.g.*, *State v. Visintin*, 143 Haw. 143, 162, 426 P.3d 367 (2018); *State v. Pratt*, 204 Vt. 282, 2017 VT 9, 166 A.3d 600, ¶ 20; *State v. Brown*, 2014-NMSC-038, 338 P.3d 1276, ¶ 4; *Myers v. St. Lawrence*, 289 Ga. 240, 241-242, 710 S.E.2d 557 (2011); *Querubin v. Commonwealth*, 440 Mass. 108, 120, 795 N.E.2d 534 (2003), fn. 10. It also gels with our own recognition that when excessive-bail cases are "considered as appeals, it is reasonable to require some finding of error or abuse of discretion before allowing the writ to issue overturning or modifying the decision of the trial court." *In re DeFronzo*, 49 Ohio St.2d 271, 273, 361 N.E.2d 448 (1977).

**Review of Bail Decisions**

{¶ 35} However, Ohio law does not permit an interlocutory appeal of a trial court's order setting bail, and we have recognized that a petition for a writ of habeas corpus is the proper vehicle to raise an excessive-bail claim. *Chari*, 91 Ohio St.3d at 325, 744 N.E.2d 763; *State v. Bevacqua*, 147 Ohio St. 20, 67 N.E.2d 786 (1946), syllabus.

{¶ 36} We have suggested that there is a hybrid nature to these types of claims, pointing to "the 'anomaly in original actions which are filed seeking habeas

corpus on the grounds of excessive bail because the effect of such cases is an appeal from a decision of the trial court; yet, such cases are also considered as original actions so as to permit hearings and findings of fact.' " *Ahmad v. Plummer*, 126 Ohio St.3d 262, 2010-Ohio-3757, 933 N.E.2d 256, ¶ 2, quoting *DeFronzo*, 49 Ohio St.2d at 273, 361 N.E.2d 448. Relying on *Ahmad* and *DeFronzo*, the majority decides that the trial court's determination of the amount of bail is subject to de novo review in this court and that we are vested with the discretion to substitute our judgment for that of the trial court to determine the amount of bail.

{¶ 37} In my view, that analysis is incorrect. This is an original action, and we take a de novo review of the evidence presented in the trial court and any new evidence submitted to this court. *Ahmad* at ¶ 2. But the focus remains on whether the petitioner is entitled to a writ of habeas corpus, and " 'habeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement.' " *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 13, quoting *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998).

{¶ 38} Mohamed therefore bears the burdens of going forward with evidence and persuading this court that he is unlawfully confined, *Chari*, 91 Ohio St.3d at 326, 744 N.E.2d 763, and he is not entitled to immediate release on reduced bail unless he first demonstrates that the bail set by the trial court is unreasonable and excessive. As explained above, the trial court is vested with discretion to set the amount and conditions of bail pursuant to Article I, Section 9 of the Ohio Constitution and Crim.R. 46 as well as our caselaw, and it follows that Mohamed is not entitled to a writ of habeas corpus unless he proves that the trial court abused its discretion in setting the amount and conditions of bail—if the trial court did not exceed its discretion, then Mohamed is not being unlawfully confined.

{¶ 39} Because the ultimate standard of review in determining whether Mohamed is unlawfully confined on excessive bail is an abuse of discretion, we are

not permitted to substitute our judgment for that the trial court's. Nor is it the function of a habeas proceeding to provide the petitioner a second bail hearing. Rather, the habeas remedy is available to protect the accused's constitutional rights against the trial court's abuse of its discretion in setting an excessive bail. *See generally Bevacqua*, 147 Ohio St. at 22, 67 N.E.2d 786.

### Review for the Abuse of Discretion

{¶ 40} Because this matter is an original action, Mohamed must present evidence to prove his entitlement to a writ. But that does not permit this court to substitute its judgment for the trial court's. Rather, any evidence submitted must be relevant to demonstrating that the confinement is unlawful because the trial court abused its discretion in setting bail. An " ' "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Ellipsis in *White*.) *State v. White,* 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 46, quoting *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). It also exists when there is "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶ 41} Here, there is insufficient evidence that the trial court abused its discretion. Mohamed's complaint is not verified and not supported by an affidavit. Although he asserts that the trial court held a bond hearing and an evidentiary hearing at which counsel requested a reduction of bail, no transcript of those hearings have been submitted to this court. Nor does he present new evidence in this court to prove an abuse of discretion because the trial court set bail based on improper considerations, such as passion, prejudice, or bias, which would vitiate the trial court's bail order or because it relied on unlawful factors in reaching its decision. *See Stack*, 342 U.S. at 7, 72 S.Ct. 1, 96 L.Ed. 3 (discussing bail that "has not been fixed by proper methods").

{¶ 42} Instead of arguing that the trial court relied on improper factors, Mohamed just disagrees with the trial court's weighing of the evidence. And assuming for the sake of argument that a trial court could ever abuse its discretion by failing to consider evidence that was never presented to it, the new evidence submitted to this court fails to establish that the bail set was excessive.

{¶ 43} Mohamed asserts his alibi, but respondent, Seneca County Sheriff William Eckelberry counters this with evidence that there is eyewitness testimony that Mohamed is the perpetrator. Mohamed points to evidence of his financial condition, but courts have rejected the view that bail is excessive merely because the accused cannot afford it. 4 LaFave, *Criminal Procedure*, Section 12.2(b), 38-44 (4th Ed.2015) (citing cases). He submitted testimony that he has family ties in Columbus and asserts that he has no criminal record, but sheriff Eckelberry responds that Mohamed proved no ties to Seneca County where the trial is being held and that the charges are serious—attempted murder and felonious assault with a firearm, which, if convicted, carries mandatory prison time.

{¶ 44} Mohamad bears both the burdens of production and persuasion, but he fails to establish that the trial court abused its discretion in setting the amount of bail. Absent a showing that the trial court abused its discretion in setting bail, Mohamed's confinement is not unlawful and a writ of habeas corpus will not lie. For these reasons, I dissent and would deny the writ.

DEWINE, J., concurs in the foregoing opinion.

—————————

Law Office of Eric J. Allen, Ltd., and Eric J. Allen, for petitioner.

Derek W. DeVine, Seneca County Prosecuting Attorney, for respondent.

—————————