[Cite as *State v. De La Cruz*, 2022-Ohio-4293.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-516 |
| | | (C.P.C. No. 20CR-5642) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Charlie De La Cruz, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 1, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers*. **Argued:** *Paula M. Sawyers*.

**On brief:** *Elizabeth N. Gaba*. **Argued:** *Elizabeth N. Gaba*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Charlie De La Cruz ("appellant"), appeals from an order of the Franklin County Court of Common Pleas denying his motion for bail and granting the state's motion to hold him without bail. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} A Franklin County Grand Jury indicted appellant on December 2, 2020. The indictment alleged that on August 3, 2020, appellant committed four counts of aggravated robbery, first-degree felony offenses in violation of R.C. 2911.01, with criminal gang activity, firearm, and repeat violent offender specifications; one count of kidnapping, a first-degree felony in violation of R.C. 2905.01, with criminal gang activity, firearm, and repeat violent offender specifications; one count of felonious assault, a second-degree felony in violation of R.C. 2903.11, with criminal gang activity, firearm, and repeat violent offender specifications; and one count of having a weapon while under a disability, a third-degree

felony in violation of R.C 2923.13, with a firearm specification.[1]  The trial court set bail at $20,000 recognizance and $200,000 surety or appearance requirement, with additional conditions of house arrest with appellant's parents and no use or possession of a firearm. On December 8, 2020, appellant posted the required amounts for bond, but he was not released from jail because of an Adult Parole Authority holder for a post-release control violation.[2]

{¶ 3}   On February 10, 2021, appellant's bond was revoked by stipulation of the parties.  The bond revocation entry stated appellant was to remain at the Franklin County Jail and not be transferred to the custody of the Ohio Department of Rehabilitation and Corrections

{¶ 4}   On September 8, 2021, appellant moved for a bond hearing and reinstatement of his prior bond, asserting his stated prison sentence related to the prior conviction had expired and that he was entitled to be released from jail on bond.  The following day, the state moved to hold appellant without bail pursuant to R.C. 2937.222. The trial court conducted a hearing to consider both motions.

{¶ 5}   At the bond hearing, the state presented testimony from Whitehall Police sergeant Dustin Willis, who investigated the August 3, 2020 robbery.  Sergeant Willis testified that when appellant was arrested, he was carrying a concealed 9mm firearm that matched a shell casing recovered from the robbery scene.  Appellant's clothing also matched the descriptions given by the victims.  Sergeant Willis testified that in response to questioning after being advised of his rights, appellant admitted to committing the robbery because he needed money.  Further, in a recorded call made while he was in jail, appellant stated the robbery was his idea.  Correctional records and information retrieved from appellant's cell phone indicated he was a member of the "MS-13 Tiny Lokotes or Tiny Locos

---

[1] Appellant was arrested on August 3, 2020, the day the robbery occurred.  Although it is not part of the record on appeal, we note that initially he was charged in the Franklin County Municipal Court on one count of aggravated robbery, one count of having a weapon under disability, and one count of carrying a concealed weapon.  The municipal court granted bail and appellant posted bond.  On August 14, 2020, the municipal court dismissed the case at the request of the prosecutor. *State v. Del* [sic] *La Cruz*, Franklin M.C. No. 2020 CRA 011210 (Aug. 14, 2020).

[2] It appears that at some point, appellant was transferred to the Lorain Correctional Institution because of the Adult Parole Authority holder.  On January 11, 2021, the trial court ordered a warrant to be issued to the Franklin County Sheriff directing him to take custody of appellant from the Lorain Correctional Institution to await a hearing in the trial court.

criminal gang." (Sept. 13, 2021 Tr. at 20.) Sergeant Willis testified that approximately six weeks before the robbery appellant had been released from prison for a prior conviction for aggravated robbery.[3]

{¶ 6} The state also presented a surveillance video of the robbery. As the video begins, five adults and one child can be seen inside a store. One man enters the store brandishing a handgun, followed by an accomplice. Both men have their faces obscured. The first man waves the gun around, while his accomplice grabs one adult around the neck and pushes him toward the back of the store. The first man appears to strike one of the adults with the handgun and order him to empty his pockets. He also appears to order a store employee to get on the floor. As the child and some of the adults flee toward the back of the store, the first man fires the gun in their direction. Sergeant Willis alleged appellant was the first man to enter the store—i.e., the man who had the handgun, used it to strike one victim, and fired it in the direction of the fleeing victims.

{¶ 7} Appellant did not present any evidence at the bond hearing. Appellant's counsel argued the original bond should be reinstated because appellant had no history of absconding or failing to appear for court. Appellant's counsel also claimed appellant had family he could stay with if released on bond.

{¶ 8} Based on the video evidence, and the testimony that appellant had admitted to participating in the robbery, the trial court found it was clear that appellant committed the offenses. Further, based on the circumstances of the offenses, appellant's prior criminal history and illegal possession of a firearm, and appellant's admitted gang membership, the trial court found that appellant posed a risk to the community and that there were no release conditions that would assure the safety of the community. The trial court granted the state's motion to hold appellant without bail.[4] Appellant timely appealed the trial court's order.[5]

---

[3] We note that on August 24, 2016, appellant was convicted, pursuant to a guilty plea, of one count of aggravated robbery with a firearm specification. The trial court sentenced appellant to four years of incarceration, with 51 days of jail-time credit, and a five-year post-release control period. *State v. De La Cruz*, Franklin C.P. No. 16CR-2707 (Aug. 25, 2016).

[4] At the bond hearing the trial court did not expressly deny appellant's motion to reinstate the prior bond, but it implicitly denied that motion by granting the state's motion to hold appellant without bail.

[5] Under R.C. 2937.222(D)(1), an order denying bail pursuant to R.C. 2937.222 is a final, appealable order.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

1. The trial court erred to the prejudice of Defendant and abused its discretion when it refused to reinstate the $200,000 cash or surety bond and $20,000 recognizance bond, and when it denied Defendant bail.

2. The trial court did not properly follow the procedures contained in R.C. 2937.222 and should not have ordered detention without bail. The evidence presented was insufficient for the trial court to form a firm belief or conviction in support of its findings.

## III. STANDARD OF REVIEW

{¶ 10} "We review a trial court's denial of bail pursuant to R.C. 2937.222 for abuse of discretion." *State v. Henderson*, 10th Dist. No. 16AP-870, 2017-Ohio-2678, ¶ 5. *See also State v. Foster*, 10th Dist. No. 08AP-523, 2008-Ohio-3525, ¶ 6 ("[T]he trial court's order [denying bail under R.C. 2937.222] will not be reversed absent a showing that the trial court abused its discretion in finding that the prosecution had met its burden of proof to show that appellant should be denied bail.").[6] An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Henderson* at ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

{¶ 11} Appellant argues in his first assignment of error that the trial court erred by refusing to reinstate the previously granted bond. In his second assignment of error,

---

[6] Ohio's appellate courts are divided on the appropriate standard of review for a denial of bail under R.C. 2937.222. *See State v. Sowders*, 1st Dist. No. C-220114, 2022-Ohio-2401, ¶ 22-25 (surveying standards applied by appellate courts). In *Foster*, we adopted the abuse of discretion standard because "[c]ustomarily, challenges to excessive bond are reviewed under an abuse of discretion standard by means of an original action in habeas corpus." *Foster* at ¶ 5. Recently, however, the Supreme Court of Ohio held that de novo review was the proper standard for a habeas action challenging a particular bail determination as unconstitutionally excessive. *DuBose v. McGuffey*, 168 Ohio St.3d 1, 2022-Ohio-8, ¶ 17 ("[O]n the record before it, the court of appeals concluded that the bail amount was excessive because it did not take into consideration DuBose's financial resources as required by Crim.R. 46(C)(4). De novo review was the proper standard of review for this question of law."). After *DuBose* was decided, the First District Court of Appeals declined to apply de novo review to a denial of bail under R.C. 2937.222, reasoning that an appeal from an order denying bail under the statute differed from an original action in habeas corpus challenging excessive bail because in an appeal of denial of bail the court "may not take additional evidence and is limited to the record before [it]" and because the claim was based on a statute rather than the state constitution. *Sowders* at ¶ 26. Notwithstanding the division among Ohio's appellate courts on this question, based on principles of stare decisis, in this case we apply the abuse of discretion standard, as we did in *Foster*, *Henderson*, and *State v. Burney*, 10th Dist. No. 14AP-354, 2014-Ohio-2622, ¶ 6, based on principles of stare decisis.

appellant argues the evidence presented at the bond hearing was insufficient to support the trial court's decision to deny bail. Because appellant's two assignments of error are related, we will address them together.

{¶ 12} The Ohio Constitution provides that "[a]ll persons shall be bailable by sufficient sureties, * * * except for a person who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community." Ohio Constitution, Article I, Section 9. The Constitution requires the General Assembly to set standards by law to "determine whether a person who is charged with a felony where the proof is evident or the presumption great poses a substantial risk of serious physical harm to any person or to the community." *Id.* Those standards are set forth in R.C. 2937.222.

{¶ 13} The Supreme Court of Ohio described the bail determination process in a recent decision:

> A judge may impose bail or hold a criminal defendant without bail. The process of assessing bail is governed by Crim.R. 46. When determining the amount and conditions of bail, a court must consider "all relevant information," including [the factors set forth in Crim.R. 46(C)]. Crim.R. 46(C); *Mohamed* [*v. Eckelberry*], 162 Ohio St.3d 583, 2020-Ohio-4585, 166 N.E.3d 1132, ¶ 7.
>
> Alternatively, if the state believes that a person poses a danger to the community and must be held without the possibility of release, then the state must follow the procedures set forth in R.C. 2937.222 for an order of detention without bail.

*DuBose v. McGuffey*, 168 Ohio St.3d 1, 2022-Ohio-8, ¶ 20-21.

{¶ 14} In this case, the state moved to hold appellant without bail. Therefore, the standards set forth in R.C. 2937.222 applied to the trial court's determination.

{¶ 15} Under R.C. 2937.222(A), on the state's motion or its own initiative, a trial court must conduct a hearing to determine whether an individual charged with certain crimes, including first-degree or second-degree felony offenses, will be denied bail. Bail may not be denied unless the judge finds by clear and convincing evidence that "the proof is evident or the presumption great that the accused committed the offense," that "the accused poses a substantial risk of serious physical harm to any person or to the community," and that "no release conditions will reasonably assure the safety of that person

and the community."   R.C. 2937.222(B).   The state bears the burden of proving these statutory conditions for denial of bail.   R.C. 2937.222(A).   "Clear and convincing evidence is that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' "   *Foster* at ¶ 6, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph 3 of the syllabus.

{¶ 16} Appellant argues the state failed to demonstrate that the presumption was great that he committed the offenses he was charged with or that he posed a substantial risk of harm to any person or to the community.  Appellant further argues the state failed to demonstrate that no release conditions would reasonably assure the safety of the victims and the community.

{¶ 17} The first factor that must be established for denial of bail is that the proof is evident or the presumption great that the accused committed the offense.  In this case, Sergeant Willis testified at the bond hearing that appellant admitted to participating in the robbery because he needed money.  Sergeant Willis also testified that during a recorded call made from the jail, appellant told his mother that the robbery was his idea.  Additionally, appellant was arrested wearing clothes that matched the victims' description of the robber, and he had a firearm that matched a shell casing recovered from the robbery scene.  Based on this evidence, the trial court did not abuse its discretion in finding that the state established by clear and convincing evidence that the proof was evident or the presumption great that appellant committed the offenses.

{¶ 18} Regarding the second and third factors required for denial of bail, the statute details what the court must consider:

> The judge, in determining whether the accused person described in [R.C. 2937.222(A)] poses a substantial risk of serious physical harm to any person or to the community and whether there are conditions of release that will reasonably assure the safety of that person and the community, shall consider all available information regarding all of the following:
>
> (1) The nature and circumstances of the offense charged, including whether the offense is an offense of violence or involves alcohol or a drug of abuse;
>
> (2) The weight of the evidence against the accused;

(3) The history and characteristics of the accused, including, but not limited to, both of the following:

(a) The character, physical, and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history of the accused;

(b) Whether, at the time of the current alleged offense or at the time of the arrest of the accused, the accused was on probation, parole, post-release control, or other release pending trial, sentencing, appeal, or completion of sentence for the commission of an offense under the laws of this state, another state, or the United States or under a municipal ordinance.

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

R.C. 2937.222(C).

{¶ 19} In *Foster*, this court affirmed a trial court order denying bail under R.C. 2937.222. *Foster* at ¶ 21. The defendant in that case was participating in an illegal gambling game when police officers attempted to serve a "knock and announce" warrant related to drug activity at that location. *Id.* at ¶ 11-12. The defendant claimed he did not hear the police officers identify themselves before attempting to breach the door; the men he was gambling with yelled that they were being robbed. *Id.* at ¶ 12. The defendant alleged that one of the other gamblers fired a gun toward the door and the apparent intruders, who were in fact the police officers attempting to serve the warrant, returned fire. The defendant was armed and fired several gunshots toward the door. *Id.* On appeal, in reviewing the circumstances in which the offenses allegedly occurred, this court noted that the defendant was in a known gambling house and could be imputed with knowledge that drug dealers also frequented the house, and that he was arrested attempting to flee through a basement window. *Id.* at ¶ 18. We concluded that under those circumstances, regardless of whether the defendant heard the police officers announce themselves, the evidence that he fired gunshots at a door through which police officers were attempting to enter pursuant to a search warrant supported the trial court's finding that the defendant represented a danger to others and the community. *Id.* Similarly, in another appeal we affirmed a decision denying bail in which the trial court concluded that the defendants' participation in a drug-trafficking organization and conspiracy to retaliate against a rival by committing a drive-by

shooting in broad daylight established that they presented a significant danger to others. *State v. Burney*, 10th Dist. No. 14AP-354, 2014-Ohio-2622, ¶ 24.

{¶ 20} Like *Foster* and *Burney*, in this case there was evidence demonstrating that appellant posed a substantial risk of serious physical harm to the community and that no conditions of release would reasonably assure the safety of the community. There was evidence that appellant had a firearm, which he was legally prohibited from possessing, when he was arrested. That firearm matched a shell casing recovered from the robbery scene. The video evidence established that the robber not only brandished a firearm to intimidate his victims, but also used it to strike one of them and fired it in the direction of others. The primary charge in this case is aggravated robbery; appellant had been convicted of the same offense only four years earlier and had recently been released from prison for that conviction. Appellant was on post-release control when he was alleged to have committed the robbery. There was also evidence that appellant was an admitted gang member. Additionally, the trial court was not presented with any favorable evidence regarding appellant's character and history, family ties, or community ties. *Compare Foster* at ¶ 17 (noting Foster had no known criminal history, a stable history of employment with the City of Columbus and had presented numerous letters and testimonials from friends and community leaders in support of his release on bail).

{¶ 21} Based on the evidence and testimony presented at the bond hearing, the trial court did not abuse its discretion in concluding the state had established by clear and convincing evidence that appellant posed a substantial risk of serious physical harm to the community and that no release conditions would reasonably assure the safety of the community. Accordingly, we overrule appellant's first and second assignments of error.

## V. CONCLUSION

{¶ 22} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the order of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and MENTEL, JJ., concur.

_____