IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

December 05, 2024 11:23 AM
SCT-Crim-2021-0024
**VERONICA HANDY, ESQUIRE**
**CLERK OF THE COURT**

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

|  |  |
|---|---|
| **SHEKIL BERTHIER,** | ) **S. Ct. Crim. No. 2021-0024** |
| Appellant/Defendant, | ) Re: Super. Ct. Crim. No. 275/2020 (STT) |
|  | ) |
| **v.** | ) |
|  | ) |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) |
| Appellee/Plaintiff. | ) |
|  | ) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas-St. John
Superior Court Judge: Hon. Denise M. Francois

Considered: October 12, 2021
Filed: December 5, 2024

Cite as: 2024 VI 35

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and
**IVE ARLINGTON SWAN**, Associate Justice.

**APPEARANCES:**

**Adam G. Christian, Esq.**
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
St. Thomas, U.S.V.I.
    *Attorney for Appellant,*

**Michael R. Francisco, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
    *Attorney for Appellee.*

### OPINION OF THE COURT

**CABRET, Associate Justice.**

¶1     Appellant Shekil Berthier appeals the Superior Court's June 4, 2021, order denying his motion to be relieved of pretrial electronic monitoring and the associated costs of the electronic monitoring device. For the following reasons, we affirm the Superior Court's ordering of electronic

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 2 of 21

2024 VI 35

monitoring as a condition of pretrial release but reverse the imposition of its costs upon Berthier.

## I. BACKGROUND

¶2      Shekil Berthier was arrested on September 25, 2020, for allegedly sending threatening texts to a man and then shooting into the same man's occupied home. At a September 28, 2020, advice of rights proceeding, the Superior Court found probable cause to charge Berthier with felonious acts and ordered him released pending trial on several conditions, including 24-hour house arrest, with electronic monitoring.[1] At the time of his arrest, Berthier was already on pretrial release in another matter. (JA 17; SA 11-17).

¶3      Berthier filed a motion to modify release conditions in the present case on May 4, 2021, requesting (1) the rescission of the electronic monitoring condition or, alternatively, (2) relief from paying the fees associated with the electronic monitoring, as well as (3) leave to engage in gainful employment. (JA 36-52).

¶4      Although Berthier missed a May 17, 2021, status conference, (JA 67), the Superior Court vacated its oral order to have Berthier show cause for his failure to appear after Berthier's attorney indicated that Berthier missed the conference because Berthier was having problems with his cellular telephone and because the return of service had the wrong address on it. (SA 21). Before the court ruled on Berthier's first motion to modify release conditions, Berthier filed a second

---

[1] In the Virgin Islands, an electronic GPS monitoring bracelet or ankle bracelet is supported by a system that creates, records, and sends alerts regarding the movements of the defendant. The Office of the Virgin Islands Marshal monitors the defendant's movement via GPS, investigates any anomalies and conducts random checks. If a violation occurs, a Marshal reports the violation to the Judicial Officer who ordered the electronic monitoring condition. What Happens When a Criminal Suspect Violates Bail Conditions in the Virgin Islands? Superior Court Explains. *The Virgin Islands Consortium* (Oct. 7, 2021), *available at* https://viconsortium.com/vi-crime/virgin-islands-what-happens-when-a-criminal-suspect-violates-bail-conditions-in-the-virgin-islands-superior-court-explains- (last visited Dec. 3, 2024). The Superior Court in this matter authorized Berthier to be placed on 24-hour house arrest, 7 days a week with electronic monitoring at his home address. Berthier only had the ability to leave home to meet with his attorney, to attend scheduled court appearance, and for medical care and could not leave to go to work. (JA 49).

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 3 of 21

2024 VI 35

motion to modify his pretrial release, requesting a four-hour leave from house arrest to procure a cellular telephone so that he would not miss another hearing. (SA 18). The court promptly granted the second motion. However, while out on this four-hour leave, Berthier happened upon and interacted with the alleged victim in this current matter. (JA 133-136; SA 23). Nonetheless, the People did not move to revoke Berthier's pretrial release at the May 24, 2021 motions hearing when the court raised the issue of Berthier and the victim's interaction, despite the interaction being a violation of Berthier's conditions of release. (JA 6, 134-135).

¶5    On June 4, 2021, the Superior Court granted Berthier's request to work but denied his requests to be relieved of electronic monitoring or the costs associated with it. (JA 155-157). The Superior Court's June 4, 2021 memorandum opinion, entered on June 7, 2021, detailed the reasons for denying Berthier's request. (JA 158). Berthier timely appealed the portion of the order denying his requests to modify the pretrial release conditions. (JA 165, 167).

¶6    On February 7, 2022, the People filed a motion to revoke Berthier's pretrial release. In support, the People cited the revocation of Berthier's pretrial release in an unrelated matter (Super. Ct. Crim No. 0003/2020) wherein the court found that Berthier had violated the terms of his pretrial release conditions. The People premised the motion to revoke pretrial release on the same violations which led to the permanent revocation in his other matter. The Superior Court revoked his pretrial release in this case on May 27, 2022. The People posit that because of Berthier's pretrial release revocation, the questions presented in this appeal are moot. "[T]he mootness doctrine in the Virgin Islands is a non-jurisdictional claims-processing rule that has been incorporated into Virgin Islands law only as a matter of judicial policy." *Mapp v. Fawkes*, 61 V.I. 521, 530 (2014). Because a real dispute still exists over whether Berthier was subject to pretrial electronic

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 4 of 21

2024 VI 35

monitoring and the costs associated with it, and because these issues are capable of repetition in the future, this Court declines to dismiss this appeal as moot.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶7    Sections 33(d)(3)[2], (4)[3] and (5)[4] of title 4 of the Virgin Islands Code confer upon this Court jurisdiction to hear appeals relating to the release and detention of defendants prior to trial, *People v. Pratt*, 50 V.I. 318, 323 (V.I. 2008), within thirty days after the Superior Court's decision on such matters. The Superior Court denied Berthier's motion on June 7, 2021, and Berthier filed his notice appealing the Superior Court's order twenty-four calendar days later. (JA 165, 167). Therefore, we have jurisdiction over this timely interlocutory appeal.

¶8    Generally, the Superior Court's decisions on bail and pretrial release conditions are reviewed for an abuse of discretion. *Rieara v. People*, 57 V.I. 659, 665-66 (V.I. 2012). The Superior Court abuses its discretion when its "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Stevens v. People*, 55 V.I. 550, 556 (V.I. 2011). However, this Court exercises plenary review of the Superior Court's

---

[2] "An appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision or order, entered by the Superior Court, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release. The appeal shall be determined promptly." 4 V.I.C. § 33(d)(3).

[3] "An appeal by a defendant or person ordered detained pursuant to section 3504a, of title 5 of the Virgin Islands Code or other provision of law, shall lie to the Supreme Court from a decision or order, entered by the Superior Court, detaining a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order of detention. The appeal shall be determined promptly." 4 V.I.C. § 33(d)(4).

[4] "The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted." 4 V.I.C. § 33(5).

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 5 of 21

2024 VI 35

application of law, including constitutional questions. See *People v. Looby*, 68 V.I. 683, 692 (V.I. 2018) (citing *Browne v. People*, 56 V.I. 207, 216-17 (V.I. 2012)).

## B. Bail and Pretrial Release Generally

¶9    In 2008, this Court determined that under Virgin Islands law, "[a]ll persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first degree murder or any capital offense when the proof is evident or the presumption is great," *Browne v. People*, 50 V.I. 241, 247 (V.I. 2008) (*quoting* The Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159–60 (1995) (preceding V.I. CODE ANN. tit. 1)). A year later, this Court reiterated that "a judge may not deny bail completely upon finding that the defendant presents a flight risk or a danger to the community. Rather, when such circumstances are present, the judge may take those facts into consideration when determining the sufficiency of the sureties in setting bail and the conditions to be imposed in connection with the bail as established." *Tobal v. People*, 51 V.I. 147, 161 (V.I. 2009); see also *Davis v. People*, 76 V.I. 514, 519 (V.I. 2022). Thus, this Court concluded that in the Virgin Islands, only defendants charged with a capital offense "when the proof is evident or the presumption is great" can be detained without bail before conviction.

¶10    As of 2017, the provisions of the Federal Bail Reform Act and Federal Rules of Criminal Procedure no longer guide the procedure of considering the conditions for release of a person charged with an offense pending trial in the Virgin Islands. *See In re Adoption of Virgin Islands Rules of Crim. Proc.*, No. 2017-010, 2017 WL 6054889, at *1 (V.I. 2017) (ordering the effect of the Virgin Islands Rules of Criminal Procedure). Pursuant to the Virgin Islands Rules of Criminal Procedure, effective December 1, 2017, if "there is probable cause to believe that [any offense has been committed by the accused]," Rule 5(b), the Superior Court "shall set such bail as appropriate

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 6 of 21

2024 VI 35

consistent with Rule 5-1." Rule 5(d). Rule 5-1, which modernized former Superior Court Rules 141 through 147 on the setting of bail, requires the court to impose the least restrictive conditions of release "that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." The non-exhaustive range of conditions of release that the court can consider alone or in combination includes personal recognizance, an unsecured bail bond, travel restrictions, residence restrictions, custody with a designated person or organization, surety bond, and/or cash bail bond. Rule 5-1(b).

¶11    While a judge must consider the least restrictive conditions to apply to defendants who are not charged with a capital offense, the court is not without the authority to order additional security or detention if a defendant violates – or is reasonably determined to be about to violate – the specified terms of release. For example, if there is a breach of a condition of release, the court may declare a forfeiture of the bail and direct the clerk to issue a bench warrant for the defendant's arrest. Rule 5-1(h)(1). If proof is made to the judge that a person previously admitted to bail is about to abscond and that the current bail is insufficient, the judge can require additional security, and upon default of that security, order the person's arrest. 5 V.I.C. § 3506; Rule 5-1(b)(7). And either party can, after conferring with the opposing party, move the court to modify the conditions of a defendant's release. Rule 5-1(g); Rule 46(a). The Superior Court must make an individualized determination of bail and release conditions to ensure that bail is not excessive and unconstitutional, *Rieara*, 57 V.I. at 667, and must "state in writing, or orally on the record, the reasons for an order refusing or imposing conditions of release or ordering pretrial detention of a defendant in a criminal case." V.I. R. APP. P. 9. "Any bail or conditions of release that are not

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 7 of 21

2024 VI 35

tailored to achieve the purpose of bail are considered excessive and therefore unconstitutional." *Rieara*, 57 V.I. at 667.

¶12 "[W]hile the Superior Court is not precluded from imposing bail that a defendant cannot afford to post, a defendant's indigence . . . is certainly a relevant consideration in determining the amount of bail and other release conditions." *Davis*, 76 V.I. at 519. The Superior Court is also not precluded from imposing travel restrictions upon a defendant yet to be convicted of a crime; however, those restrictions are only permissible when in furtherance of a legitimate governmental purpose. *Moran v. People*, 76 V.I. 544, 553 (V.I. 2022). The Superior Court must apply these considerations equally for both the initial bail determination and any motion to modify or reduce bail. *Davis*, 67 V.I. at 519.

## C. Criminal Rule 32.1

¶13 Berthier's May 4, 2021 motion to modify release conditions requested that the Superior Court relieve him of the pretrial electronic monitoring release conditions. (JA 40). According to Berthier, the Superior Court improperly applied Rule 32.1 of the Virgin Islands Rules of Criminal Procedure to the proceedings when it should have considered his motion in the context of Rule 5-1. (Appellant's Br. at 7-9). The People counter that the Superior Court applied the correct rule, but even if the Superior Court erred, the error was harmless. (Appellee's Br. at 18-20).

¶14 The Superior Court's memorandum opinion denied Berthier's motion based on Rule 5-1. (JA 162, 164). The Superior Court reasoned that electronic monitoring, as a condition of release, is an "implied power" within the context of Rule 5-1(b)(3) for the court to "place restrictions on a defendant's travel, association, and place of abode during release," and also determined that "[b]ail is governed in the Virgin Islands Rule of Criminal Procedure 5-1" (JA 159-60, 163). The Superior Court, however, held that a motion for pre-trial release "is governed by Virgin Islands Rules of

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 8 of 21

2024 VI 35

Criminal Procedure 46 and 32.1." (JA 161). The Superior Court made no further mention of Rule 32.1 and did not suggest that it has placed any burden on Berthier.

¶15    The Court agrees with the Superior Court that Rule 46 does indeed govern pretrial release, in part, as it plainly states: "(a) **Before Trial**. The provisions of *Rule 5-1* and the statutory provisions incorporated by reference therein govern pretrial release or detention." (emphasis added). However, contrary to the Superior Court's statement that Rule 32.1 governs pretrial release, Rule 46 goes on to say that "Rule 32.1(a)(6) governs release *pending a hearing on a violation of probation or supervised release.*" V.I. R. CRIM P. 46(d) (emphasis added). Clearly, the language of Rule 5-1 applies to "[m]otions to modify terms of [pretrial] release," V.I. R. CRIM. P. 5-1(g), whereas Rule 32.1 applies to violations of post-trial supervised release. In its memorandum opinion, the Superior Court expressly states that the only matter "[p]ending before the [c]ourt" is the motion to modify pretrial release conditions. (JA 158). Berthier was not before the court for a violation of any supervised release through post-conviction probation. Indeed, Berthier was before the Superior Court on his own motion. Therefore, Rule 32.1(a)(6) is wholly inapplicable to these proceedings.

¶16    "When the court resolves a motion to modify bail and release conditions, it must make an individualized determination ... to achieve the purpose of bail." *Rieara*, 57 V.I. at 667. Because probable cause was found to arrest Berthier for multiple violent crimes, (JA 5), while he was already on pretrial release for another violent crime, (SA 13), there is evidence that Berthier may pose a danger to the community, which is one of the factors the court considers when determining what pretrial release conditions to impose. And while Berthier argues that "the People do not contend Mr. Berthier is a threat to anyone else," it is concerning that Berthier allegedly had direct contact with the alleged victim in the present case, (JA 134), on or around May 18, 2021, while

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 9 of 21

2024 VI 35

his motion for modification of pretrial release conditions was under consideration by the trial court. Committing a crime and having contact with the victim are two obvious violations of Berthier's pretrial release conditions. Thus, there was sufficient evidence presented to support the Superior Court's decision to, at the very least, continue Berthier's pretrial electronic monitoring as the least restrictive means of ensuring the safety of the victim and the community under Rule 5-1.

¶17     Accordingly, the Superior Court's incorrect reference to Rule 32.1(a)(6) in its memorandum opinion was obviated by its clear reliance on Rule 5-1 in coming to a final determination on this issue. Clearly, the standards and wording of Rule 32.1 did not in any way influence the Superior Court's ruling and therefore its error in referencing this rule was harmless.

## D. Electronic Monitoring under the Virgin Islands Code and the Virgin Islands Rules of Criminal Procedure

¶18     Berthier argues that the Superior Court lacks the authority to order electronic monitoring as a pretrial release condition because it is not specifically authorized in any of the Territory's rules or statutes. Therefore, he argues, this condition must be removed. The People counter, in agreement with the Superior Court, that the Superior Court has an implied power under Rule 5-1 to impose electronic monitoring as a bail condition. (Appellee's Br. at 21; June 7, 2021, Memorandum Opinion.). Because Rule 5-1 is controlling here, and Rule 5-1 expressly provides for electronic monitoring as a condition of pretrial release, the Superior Court correctly imposed electronic monitoring for Berthier.

¶19     "Express powers" are those "explicitly granted by a legal instrument." Black's Law Dictionary 1415 (12th ed. 2024). Under the clear and unambiguous language of our Code and Rule

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 10 of 21

2024 VI 35

5-1,[5] Virgin Islands judges have express powers to make decisions regarding bail. 4 V.I.C. § 123(a)(1) (authorizing magistrate judges to "issue... criminal process, including... orders for the release on bail [and] for detention of persons pending trial"); 5 V.I.C. § 3504 ("[t]he judges of all the courts of the Virgin Islands shall have to power to... grant bail in bailable cases"); and 5 V.I.C. § 3816 ("[u]nless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, a judge in the Virgin Islands may admit the person arrested to bail by bond, with sufficient sureties, and in such sum as he deems proper"). Rule 5-1(b), by its express terms, includes a "non-exhaustive range of [forms of bail or pretrial release] conditions" intended to "reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, [and] assure the integrity of the judicial process," and Rule 5-1(b)(3) expressly authorizes the court to impose "restrictions on the travel, association, or place of abode of the defendant during the period of release." Berthier's pretrial release conditions include the requirements to stay away from the alleged victim and the victim's family and to be on 24-hour house arrest. (JA 6-7). He was also allowed to travel with his employer to work at a particular location during specified times. (JA 156).

¶20     Berthier states that "the Superior Court has adopted [electronic monitoring] in an attempt to enforce these travel, no-contact, and other liberty interest restrictions it places on criminal defendants awaiting trial." (Appellant's Br. at 12). The Superior Court has the express power to

---

[5] "As with all questions of statutory interpretation, our inquiry begins with an analysis of the plain text of the statute – and, if the statutory text is unambiguous, will also end[s] there." *DaCosta v. DaCosta*, 74 V.I. 640, 644, ¶ 12 (V.I. 2021) (citing *Haynes v. Ottley*, 61 V.I. 547, 561 (V.I. 2014)). "The canons of construction in statutory interpretation equally apply to the interpretation of court procedural rules." *Whyte v. Bockino*, 69 V.I. 749, 754 (V.I. 2018) (citing *Corraspe v. People*, 53 V.I. 470, 480-81 (V.I. 2010)).

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 11 of 21

2024 VI 35

grant bail, and inherent to this power is the power to place restrictions on travel, association, and abode. Therefore, requiring a defendant to always wear an electronic monitoring device, or prohibiting a defendant from leaving his house without that device, unambiguously equates to a restriction on travel under Rule 5-1(b)(3).

¶21     Because courts commonly order electronic or location monitoring as a method to enforce a defendant's compliance with bail conditions, and because our Code and Rule 5-1 enable the Superior Court to impose appropriate bail and release restrictions, the Superior Court had the express power to order electronic monitoring as a condition of pretrial release to enforce travel, association, and abode restrictions. Therefore, we reject Berthier's arguments that the Superior Court lacked express authority to order electronic monitoring.

¶22     Berthier cites to a case out of the Supreme Judicial Court of Massachusetts, *Commonwealth v. Norman*, 142 N.E.3d 1, 7 (Mass. 2020), for the proposition that "[w]hen a search, such as GPS monitoring, is conducted as a pretrial condition of release, the only legitimate justifications for doing so are those authorized by statute; courts do not have inherent authority to impose pretrial conditions of release." (Appellant's Br. at 11). We do not find this opinion persuasive.

¶23     In *Norman*, the court's conclusion rested on its interpretation of Massachusetts statute G. L. c. 276, § 58,[6] with its stated reasoning being that "the only permissible goals of pretrial conditions in defendant's case were ensuring the defendant's return to court and his presence at trial and safeguarding the integrity of the judicial process by protecting witnesses from

---

[6] Massachusetts General Laws c. 276, § 58 provides "except in cases where the person is determined to pose a danger to the safety of any other person or the community under [G. L. c. 276, § 58A], bail shall be set in an amount no higher than what would reasonably assure the appearance of the person before the court after taking into account the person's financial resources; provided, however, that a higher than affordable bail may be set if neither alternative nonfinancial conditions nor a bail amount which the person could likely afford would adequately assure the person's appearance before the court."

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 12 of 21

2024 VI 35

intimidation and other forms of influence." *Id.* at 9. These goals invoke flight risk and judicial integrity concerns – while our Rule 5-1 is dispositively different, in that it allows the court to also consider a third factor, dangerousness. *See* V.I. R. Crim. P. 5-1(b) ("The court shall impose... conditions of release that will reasonably protect the community from risk of physical harm to persons...."). While the Massachusetts court in *Norman* may have found that electronic monitoring does not serve the flight risk and judicial integrity goals, such that a court may not impose monitoring absent statutory authority, our Rule 5-1(b)(3) specifically authorizes "the placement of restrictions in the travel, association, or place of abode of the defendant during the period of release," that may include electronic monitoring.

¶24    Because Rule 5-1(b)(3) explicitly authorizes the "placement of restrictions on the travel, association, or place of abode of the defendant during the period of release" and because electronic monitoring is itself a travel restriction, this Court concludes that the Superior Court has the express authority to impose electronic monitoring as a condition of pretrial release under Rule 5-1.[7]

**E. Electronic Monitoring Under the United States Constitution and the Revised Organic Act**

¶25    Berthier also argues that electronic monitoring implicates an individual's right to be free from unreasonable searches and seizures under Section 3 of the Revised Organic Act and the Fourth Amendment. (Appellant's Br. at 11).[8] He asserts that "[n]othing in Criminal Rule 5-1 even

---

[7] While it is true that the Superior Court also has the statutory authority under 4 V.I.C. § 123 and 5 V.I.C. §§ 3504 and 3816 to make decisions regarding a defendant's bail and release conditions, we need not analyze those portions of the Code as Rule 5-1 unequivocally and expressly grants the Superior Court the power to restrict a defendant's travel by electronic monitoring.

[8] Berthier fails to make any reasoned argument in his brief as to how to interpret the free-standing searches-and-seizures clause of Section 3 of the Revised Organic Act or how it may differ from the protections afforded by the Fourth Amendment. Because this claim is "only adverted to in a perfunctory manner...unsupported by argument and citation to legal authority," under Rule 22(m) of the Virgin Islands Rules of Appellate Procedure, we find that Berthier waived this argument.

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 13 of 21

2024 VI 35

remotely suggests [the rule] is geared toward addressing, or sets up a procedural framework to prevent infringement on, individuals' rights to be free from unreasonable searches and seizures," and "[t]his omission highlights this tribunal did not intend electronic monitoring to be one of the conditions of release authorized under Criminal Rule 5-1." (Appellant's Reply Br. at 8,11). For the reasons discussed below, we disagree.

¶26 The Fourth Amendment – applicable to the Virgin Islands through Section 3 of the Revised Organic Act – protects persons from unreasonable searches and seizures, and "[t]he touchstone of a Fourth Amendment analysis concerning a search or seizure is reasonableness." *Looby*, 68 V.I. at 699 (further citations omitted). In addition to arguing that the search is unreasonable, a person claiming a Fourth Amendment violation must establish that he or she has, first, "an actual or subjective expectation of privacy in the place or item searched; and second, that the subjective expectation was one that an ordinary person would deem reasonable under the circumstances." *Id.* at 694 n. 7 (citing *Katz*, 389 U.S. at 361).

¶27 A search in the context of GPS monitoring involves "an examination of a person's body," Black's Law Dictionary 1622 (12th ed. 2024), and a "State conducts a search when it attaches a device to a person's body, without consent, for the purpose of tracking that individual's movements." *Grady v. North Carolina*, 575 U.S. 306, 309 (2015). As Berthier notes in his brief, the United States Supreme Court has indeed held that "a State [or Territory] . . . conducts a search when it attaches a device to a person's body, without consent, for the purpose of tracking that individual's movement." (Appellant's Br. at 11, quoting *Grady*, 575 U.S. at 309). Here, the territory's purpose in the pretrial release electronic monitoring program is to obtain location information for pretrial releasees, "[a]nd since it does so by physically intruding on a subject's body, it effects a Fourth Amendment search." *Id.* at 310. Nonetheless, the U.S. Supreme Court in

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 14 of 21

2024 VI 35

*Grady* noted that this conclusion "does not decide the ultimate question of the program's constitutionality. The Fourth Amendment prohibits only unreasonable searches. The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." *Id.*

¶28    A "seizure" is the "act or an instance of taking possession of a person," and in the context of the Fourth Amendment, a seizure involves an "interfere[nce] with a person's reasonable expectation of privacy." Black's Law Dictionary 1635 (12th ed. 2024). *See Simmonds v. People*, 53 V.I. 549, 555 (2010). *See also People v. Castillo*, 49 V.I. 195, 218-19 (V.I. Super. Ct. 2008) ("[s]eizure, [in the context of Fourth Amendment jurisprudence on unreasonable arrests] is defined as when a person "…is detained by means intentionally applied to terminate his freedom of movement.") (quoting *Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000)). Notably, "[s]ome courts have held that a seizure occurs only when there is an actual detention" while others conclude that pre-trial release restrictions may qualify as a seizure. *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2003) (citing *Riley v. Dorton*, 115 F.3d 1159, 1164 (4th Cir. 1997), abrogated on other grounds by *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (rejecting the concept of seizure occurring during pretrial release)); *Wilkins v. May*, 872 F.2d 190, 194 (7th Cir.1989) (same); *Evans v. Ball*, 168 F.3d 856, 860–61 (5th Cir. 1999) (holding that a combination of pre-trial release restrictions, including restriction on interstate travel, amount to a seizure); *Gallo v. City of Philadelphia*, 161 F.3d 217, 224–25 (3d Cir. 1998) (finding restrictions, including limitation of inter-state travel, qualified as a seizure); *Murphy v. Lynn*, 118 F.3d 938, 942, 946 (2d Cir. 1997) (concluding that disallowing plaintiff from leaving the state constituted a seizure). However, we should "not accept as given that placing an electronic monitor on an individual and

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 15 of 21

2024 VI 35

then tracking his whereabouts always constitute[s] a search and seizure...." *Holland v. Rosen*, 895 F.3d 272, 301 (3d Cir. 2018). While a defendant has a legitimate expectation of privacy and personal security, this expectation is diminished in the context of bail. *Albright v. Oliver*, 510 U.S. 266, 279 (1994) ("A person subject to pretrial release is scarcely at liberty; he remains apprehended, arrested in his movements, indeed 'seized' for trial, so long as he is bound to appear in court and answer the state's charges."). Further, courts have held that electronic monitoring does not violate a reasonable expectation of privacy under the Fourth Amendment because the system monitors only what can be readily gleaned to the public eye. *United States v. Gardner*, 523 F.Supp.2d 1025, 1033 (N.D. Cal. 2007). Because a criminal defendant has a reduced expectation of privacy in the information gathered during pretrial release regarding compliance with court-ordered restrictions on travel, residence, and association, this Court concludes that Berthier's electronic monitoring does not constitute a "seizure" for Fourth Amendment purposes.

¶29     However, GPS tracking is a "search" because it is a physical trespass with the intent to gain information. *United States v. Jones*, 565 U.S. 400, 404 (2012). Thus, the next analytical step under *Grady* is to determine whether the search is unreasonable, and thus unconstitutional. *Grady*, 575 U.S. at 310. However, the reasonableness analysis has been preempted in this case by consent. *See Thomas v. People*, 63 V.I. 595, 607 (V.I. 2015) ("If a person gives free and voluntary consent to search, a warrantless search is considered constitutionally valid...."); *United States v. Jones*, 565 U.S. at 409, citing *United States v. Karo*, 468 U.S. 705, 707 (1984) (focusing on consent of property owner as obviating any "search" claim). Attaching a device to a person for the purpose of tracking their movement is a search only when done *"without consent." Grady*, 575 U.S. at 309. Here, Berthier signed the advice of rights condition sheet ordering release conditions which included 24-hour house arrest and electronic monitoring. (JA 45-49). Berthier implicitly consented

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 16 of 21

2024 VI 35

as well in limiting his May 4, 2021 motion to seeking modification of release conditions by only challenging the costs of the device, rather than the house arrest itself, and requesting permission to work. (JA 36-43). Additionally, Berthier concedes that "electronic monitoring is not itself a restriction on Appellant's travel or similar liberty rights." (Appellant's Br. at 12). Therefore, Berthier's explicit and implicit consent to electronic monitoring as a condition of his pretrial release precludes the need for a reasonableness analysis on these issues, with his consent validating the "search" of his person through electronic monitoring. *See Holland*, 895 F.3d at 301 ("We are aware of no binding authority that holds consented-to tracking and consented-to home detention are a search and a seizure."). In this case, his motion to discontinue electronic monitoring was properly denied by the Superior Court. *See United States v. Hunt*, 2021 WL 4392083, at *2 (D. Mass. Sept. 24, 2021) (holding that defendant's failure to support his claim of violation of his reasonable expectation of privacy and defendant's motions to alter his release conditions amounted to implicit and explicit consent to monitoring, and therefore the gathering and use of the GPS location data did not constitute a search).

¶30 Because this Court finds that Berthier consented to electronic monitoring, any Fourth Amendment search prompted by the use of the electronic monitoring device was constitutionally valid.

### F. Authority to Impose the Costs of Electronic Monitoring

¶31 Berthier argues that the Superior Court lacks the legal power to impose upon him the cost of electronic monitoring in the absence of an authorizing rule or statute or, alternatively, that if the Superior Court can impose the costs on him, it erred by not considering his ability to pay before imposing such costs. The People counter that these fees "may well be considered necessary or

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 17 of 21

2024 VI 35

appropriate in aid of [the Superior Court's] jurisdiction" under 4 V.I.C. § 83.[9] While the Superior Court never issued an order directing Berthier to pay fees for the electronic monitoring, Berthier agreed to pay the fees by signing the Advice of Rights Condition sheet (JA 7), paying $10 a day for said monitoring (JA 37), and furnishing a total of $2,180 towards the cost of use of the tracking device between October 7, 2020 and May 7, 2021. (Appellant's Reply Br. at 12) (JA 172-75).

¶32     Berthier cites to *People v. Myers*, 2016 WL 7233679, at *12 (Mich. Ct. App. Dec. 13, 2016), in support of his contention that imposition upon him of the costs of electronic monitoring must be specifically authorized by statute. In *Myers*, the Court of Appeals of Michigan upheld the "court costs" imposed on the appellant because the costs were authorized by statute. Federal courts carry the costs of electronic monitoring, but every jurisdiction except Arizona,[10] Hawaii,[11]

---

[9] "The practice and procedure in the Superior court shall be as prescribed by rules adopted by the Supreme Court. Subject to the approval of the Supreme Court, the Superior Court may from time to time prescribe rules for the conduct of its business consistent with law and with the rules prescribed by the Supreme Court and may issue all writs and make all orders necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law." V.I.C. § 83.

[10] *Hiskett v. Lambert ex rel. Mohave Cty.*, 451 P.3d 408, 412 (Ariz. Ct. App. 2019), *review denied* (Mar. 3, 2020).

[11] Hawaii: Interstate Commission for Adult Offender Supervision, https://www.interstatecompact.org/west/hawaii; "State-By-State Court Fees," May 19. 2014, NPR, https://www.npr.org/2014/05/19/312455680/state-by-state-court-fees; Jaden Warren, *What's Free: A Proposal to Abolish User Fees for Pretrial Electronic Monitoring*, 47 AM. J. CRIM. L. 139, 141 (2020).

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 18 of 21

2024 VI 35

Vermont,[12] and the District of Columbia[13] passes at least some of the costs on to defendants.[14]

Many jurisdictions require statutory authority to impose the costs of electronic monitoring, see,

for example, *Hiskett v. Lambert ex rel. Mohave Cty.*, 451 P.3d 408, 412 (Ariz. Ct. App. 2019)

(concluding that, because the Legislature failed to specifically state that a defendant was required

to bear the costs, the Superior Court lacked the statutory authority to order that the petitioner bear

---

[12] In at least one county, "[t]there are no weekly, monthly, or yearly fees associated with the use of the [Electronic Monitoring Program]." Electronic Monitoring Program,
https://legislature.vermont.gov/Documents/2016/WorkGroups/Corrections%20Oversight/October%2011/W-Sheriff%20Keith%20Clark-REVISED%20Windham%20County%20EMP%20-10-11-2016.pdf, last accessed on June 8, 2022.

[13] Various sources confirm that Washington, DC, does not pass these costs on to the defendant. *See* District of Columbia, Interstate Commission for Adult Offender Supervision, https://www.interstatecompact.org/south/district-of-columbia, and "State-By-State Court Fees," May 19, 2014, NPR,
https://www.npr.org/2014/05/19/312455680/state-by-state-court-fees.

[14] It is unclear if electronic monitoring is authorized as a condition of pretrial release in The Northern Mariana Islands, Oregon, or South Dakota, let alone if the costs are then carried by the pretrial defendant.

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 19 of 21

2024 VI 35

the cost of electronic location monitoring during his pretrial release in Arizona),[15] while at least one jurisdiction specifically grants the authority to impose such costs by court rule.[16,17]

¶33     While Berthier argues that electronic monitoring costs are not referenced at all in the Virgin Islands Code, we find that it is referenced in 5 V.I.C. § 4509(k)(5), which requires inmates to

---

[15] *See also* Alabama: Ala. Code § 12-17-226.10(b)(13) and (14); California: Cal. Penal Code § 1203.018(d)(4); Colorado: Colo. Rev. Stat. Ann. § 16-4-102(f); Connecticut: Conn. Gen. Stat. Ann. §§ 54-64a(e); Florida: Fla. Stat. Ann. § 948.09(1)(a)(2) and (3); Georgia: Ga. Code Ann. § 17-6-1.1(e)(12); Guam: 8 G.C.A. § 40.20(c); Idaho: Idaho Code Ann. § 31-3201J(4); Illinois: 725 Ill. Comp. Stat. Ann. 5/110-10(b)(14.2); Indiana: Ind. Code Ann. § 35-33-8-11; Kansas: Kan. Stat. Ann. § 21-6609(g); Kentucky, Ky. Rev. Stat. Ann. § 431.517(4)(a); Louisiana: La. Code Crim. Proc. Ann. art. 313(A)(5); Maryland: Md. Code Ann., Crim. Proc. § 5-201(b)(2); Michigan: Mich. Comp. Laws Ann. § 765.6b; Mississippi, Miss. Code. Ann. § 99-5-38(2)(b) and (8); Missouri: Mo. Ann. Stat. § 544.455; Montana: Mont. Code Ann. § 46-9-108(2)(b); Nebraska: Neb. Rev. Stat. Ann. § 29-901(6); Nevada: Nev. Rev. Stat. Ann. § 212.220(1) and 484C.394(1) and (8); New Jersey: N.J. Stat. Ann. § 2A:162-17(b)(2)(k); North Carolina: N.C. Gen. Stat. Ann. § 7A-313.1; North Dakota: N.D. Cent. Code Ann. § 12-67-03(9); Oklahoma: Okla. Stat. Ann. tit. 22, § 1105.3(D); Rhode Island: 42 R.I. Gen. Laws Ann. § 42-56-20.2; Tennessee: Tenn. Code Ann. § 40-11-152(b)(1); Texas: Tex. Code Crim. Proc. Ann. art. 42.035(c); Tribal, for example, Swinomish Tribal Code, 7-11.100; Virginia, Va. Code Ann. § 19.2-123(A)(4); Washington: Superior Court Criminal Rules, Cr.R. 3.2.

[16] For example, Westmoreland Cty. RCRP Rule WC530(d) ("The [Westmoreland County, Pennsylvania, Pretrial Services] Unit is authorized to assess reasonable fees for the use of any electronic monitoring equipment utilized in the course of supervision. The fee shall be assessed based upon the financial ability to pay.").

[17] It is unclear if the costs of pretrial electronic monitoring are shifted to the pretrial defendant in American Samoa, Maine, Massachusetts, Minnesota, New Hampshire, Puerto Rico, Utah, and Wisconsin. And while the costs are shifted to pretrial defendants in Alaska, *State v. Bell*, 421 P.3d 128, 133 (Alaska Ct. App. 2018) ("It is possible that Bell may have been remanded because he was temporarily unable to pay for his electronic monitoring program."); *Vaneyck v. State*, 2018 WL 11306175, at *3 (Alaska Ct. App. Oct. 9, 2018) ("We also presume that Vaneyck will be bearing the financial costs of the private electronic monitoring that was ordered in his case."), Delaware, *State v. Clark*, 2011 WL 2163544, at *1 (Del. Super. Ct. Jan. 25, 2011) ("The court was concerned about... [w]hether Defendant's family can pay for GPS monitoring" which was ordered as a special condition of pretrial release.), Iowa, *State v. Millsap*, 942 N.W.2d 607 (Iowa Ct. App. 2020) ("[T]he defendant, while on pretrial release... removed his ankle bracelet and absconded."); *State v. Salazar*, 725 N.W.2d 660 (Iowa Ct. App. 2006) ("Salazar appeals his sentence, contending the district court erred in failing to give him credit for the time he spent on pretrial release under the supervision of the department of correctional services while subject to electronic monitoring and in-home detention."), Maine, Our View: Make pretrial monitoring available across Maine, https://www.pressherald.com/2018/01/24/our-view-make-pretrial-monitoring-available-across-maine/ ("Grant funds have been used across the board, and the fees paid by defendants cover some of the total."), New Mexico, County of Otero New Mexico, "What Will [Community Custody] Cost?", https://co.otero.nm.us/Faq.aspx?QID=111, Ohio, *Mohamed v. Eckelberry*, 2020-Ohio-4585, 162 Ohio St. 3d 583, 589, 166 N.E.3d 1132, 1137 ("Electronic monitoring may require the accused to pay an upfront installation fee in addition to monthly monitoring fees".), South Carolina, 8 Questions About Electronic Monitoring in SC, "Who pays for electronic monitoring and how much does it cost?", https://www.swilliams-law.net/blog/8-questions-about-electronic-monitoring-in-sc, last accessed on June 8, 2022; Digital Jail: How Electronic Monitoring Drives Defendants Into Debt, ProPublica, July 3, 2019 article, last accessed on June 8, 2022 ("Falling three weeks behind on electronic monitoring fees can lead to incarceration for a pretrial defendant in Greenville, South Carolina."),and West Virginia, *State v. McGuire*, 200 W. Va. 823, 839, 490 S.E.2d 912, 928 (1997) ("The order also provided Appellant must pay for her electronic monitoring."), it is unclear under what authority these costs are imposed.

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 20 of 21

2024 VI 35

reimburse the Territory for the costs of electronic monitoring device(s) when an inmate is engaged in permissible work outside of jail and refers to the costs as "obligations." This statute, however, is applicable to inmates who are convicted, as opposed to pretrial releasees, who are still clothed with a presumption of innocence, and is not applicable in the circumstances at bar. Further, the Virgin Islands have a multitude of statutes authorizing the Superior Court's imposition of bail conditions (*e.g.,* V.I. R. CRIM. P. Rule 5-1; 4 V.I.C. § 123(a)(2)), the assessment of fees by the clerks of the Superior Court (4 V.I.C. § 516) and the marshals of the Superior Court (4 V.I.C. §§ 352, 517), as well as the Superior Court's assessment of fees in a post-sentencing matter (5 V.I.C. § 3711(d)). Most importantly, the Virgin Islands Code authorizes the Supreme Court to assess fees"[i]n all cases where fees are not specifically covered by this chapter [regarding fees established and imposed by the judiciary]," expressly providing that "the Supreme Court shall fix the amount thereof by order or rule." (4 V.I.C. § 514).

¶34    While the Legislature has clearly authorized this Court to impose *any* fee by order or rule, necessarily encompassing pretrial electronic monitoring fees, this Court has not issued an order or promulgated a rule that establishes an electronic monitoring fee. *See* 4 V.I.C. § 514.

¶35    Therefore, we conclude the Superior Court does not have the authority to impose the costs of pretrial electronic monitoring on a defendant, not because such fees must be set by the Legislature, but rather because the statutory authority to do so has been specifically vested to this Court and this Court has not yet ordered pretrial electronic monitoring fees. [18]

## III. CONCLUSION

¶36    The Superior Court improperly referenced Rule 32.1 in its memorandum opinion, but that

---

[18] Because we conclude that the Superior Court lacks the authority to impose electronic monitoring costs, we decline to address Berthier's argument that the Superior Court erred by not considering his ability to pay.

*Berthier v. People*
S. Ct. Crim. No. 2021-0024
Opinion of the Court
Page 21 of 21

2024 VI 35

error was harmless. The Superior Court has the authority and discretion to require electronic monitoring for certain pretrial releasees under the Fourth Amendment, the Virgin Islands Code, and the express authorization in Rule 5-1 of the Virgin Islands Rule of Criminal Procedure. Finally, the People may not shift the costs of pretrial electronic monitoring onto a pretrial defendant without a rule or order promulgated by this Court authorizing those electronic monitoring costs. We therefore reverse the Superior Court's order denying Berthier's request to be relieved of the costs of his pretrial electronic monitoring, and affirm the Superior Court's order imposing electronic monitoring as a condition of pretrial release.

**Dated this 5th day of December, 2024.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____
**Deputy Clerk**

Dated: __12-5-2024__